# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ANNA W. ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:19-CV-94-JVB |
| ) | |
| ANDREW SAUL, Commissioner of the ) | |
| Social Security Administration, ) | |
|       Defendant. ) | |

## OPINION AND ORDER

Plaintiff Anna W. seeks judicial review of the Social Security Commissioner's decision denying her disability benefits and asks this Court to remand the case. For the reasons below, this Court reverses the Administrative Law Judge's decision and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits. In her application, she alleged that she became disabled on February 2, 2015. After a hearing in 2017, the Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of status post cerebrovascular accident, obesity, degenerative disc disease of the lumbar spine, Bell's palsy, and depression. The ALJ found that Plaintiff is unable to perform any past relevant work but is able to perform the representative occupations of production inspector, office helper, and housekeeper cleaner. Therefore, the ALJ found her to be not disabled from February 2, 2015, through the date of the decision. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff contends that the ALJ committed reversible error in determining that Plaintiff has a residual functional capacity (RFC) that is not supported by substantial evidence. At step four of the sequential evaluation, an ALJ must assess a claimant's RFC. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004) ("The RFC is an assessment of what work-related activities the claimant can perform despite her limitations."); *see also* 20 C.F.R. § 404.1545(a)(1). In evaluating a claimant's

RFC, an ALJ is expected to take into consideration all of the relevant evidence, including both medical and non-medical evidence. *See* 20 C.F.R. § 404.1545(a)(3).

The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 CFR 404.1567(b) except: no ladders, ropes, or scaffolds; occasional ramps and stairs, balance, stoop, crouch, kneel, and crawl; no exposure to moving mechanical parts or exposure to unprotected heights; limited to no more than simple, routine, and repetitive tasks; any work should be done free of a production rate pace and free of quotas and should rely more on end of day goals being satisfied; she is limited to work that involves no more than occasional, simple workplace changes; and she is limited to work in a low stress job defined as not requiring her to cope with work related circumstances that could be dangerous to her or others.

Plaintiff argues that the ALJ failed to confront significant evidence that is counter to this RFC. In his decision, the ALJ provided a summary of Plaintiff's physical medical history. He noted that Plaintiff's cerebrovascular accident required surgery, but he found that Plaintiff had recovered fairly well within a year. The ALJ cited Plaintiff's May 2015 report of feeling well with no repeat motor or sensory episodes. However, the ALJ ignored that, at the same, Plaintiff reported numbness and pain in her right index finger and her speech had mild occasional hesitation. (AR 477-78). A different report from May 2015 additionally indicated slowed fine finger movements on her right side. (AR 488). A July 2015 psychological evaluation reflected inconsistent memory functioning with borderline auditory memory and visual working memory. (AR 811). Exam notes from a July 2015 physical exam report slow mentation and pain in her upper right extremity. (AR 816, 818). She had decreased right arm coordination and right-sided weakness in November 2015. (AR 960). More egregious than this, however, is the ALJ's failure to mention that Plaintiff was admitted to a neurosurgery intensive care unit in September 2015 after sudden onset of facial

droop, severe word finding difficulties, and transient expressive aphasia. (AR 821, 825). For at least part of her stay, she was in critical condition. (AR 821). A cerebral angiogram showed worsening stenosis of the right A1 segment, which was then at a near-total occlusion. (AR 940).[1]

The Commissioner argues that the ALJ "referenced the medical evidence" from Plaintiff's September 2015 hospitalization, but the Commissioner does not deny that the ALJ did not mention the incident itself. It appears that the Commissioner is alluding to a reference, made generally to "Exhibit 10F" in a string cite. This exhibit contains the 116 pages of records from Plaintiff's hospitalization, but the ALJ cites it to support his finding that Plaintiff has frequently been neurologically intact. *See* (AR 23). It is not a fair characterization of the record of Plaintiff's hospitalization for stroke-like symptoms to merely note that on some unspecified page or pages in the 116 pages she is noted to be neurologically intact without noting the fact of hospitalization itself.

The ALJ did not properly consider the evidence related to Plaintiff's cerebrovascular accident and her September 2015 hospitalization. He identified certain pieces of the record that downplay the severity of her symptoms without discussing a significant related hospitalization. An ALJ is not permitted to selectively cite only evidence that supports his decision and ignore evidence that counters it. *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014). "The ALJ must confront the evidence that does not support [his] conclusion and explain why that evidence was rejected." *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014) (citing *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004)). The error is not in a failure to find that the hospitalization shows Plaintiff's RFC to be more diminished from her status post cerebrovascular accident than he found

---

[1] Plaintiff also cites evidence regarding other impairments that went undiscussed by the ALJ, including a positive straight leg raise test, (AR 816), numbness in both hands, (AR 672), a 4 mm accessory ossicle proximal to the tibial metaphysis in Plaintiff's right knee, (AR 961), and pain with range of motion in her right knee, (AR 992).

her to be. Instead, the error lies "in utterly failing to even acknowledge the contrary evidence or to explain the rationale for crediting the identified evidence over the contrary evidence." *Id.* This failure to note the subsequent hospitalization is reversible error.

A proper consideration may lead to different outcomes in assigning weight to the medical opinion evidence and in analyzing Plaintiff's subjective symptoms, which are the other main arguments Plaintiff presents in support of her request for remand. In the interest of judicial economy and in light of the necessity of remand, further discussion of these arguments is not warranted.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 15], **REVERSES** the decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on June 26, 2020.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT